## G. W. WILLIAMS v. J. MUDGETT.

PRACTICE.— Trial by eleven jurors agreed to, objection comes too late when first urged on motion for new trial.

FENCE, WIRE.— When dangerous; built on public or usually traveled road.

NEGLIGENCE, CONTRIBUTORY.— Intoxication of plaintiff no bar to recovery.

APPEAL from Rockwall county. Opinion by DELANEY, J.

STATEMENT.— G. W. Williams brought this suit against J. Mudgett for damages and injuries alleged to have been sustained by him, Williams. He alleged that while traveling in the night-time, in Rockwall county, along a regularly laid out and established public road and highway, which was regularly used by the traveling public, and known as the Millwood and Terrell road, he rode into a barbed wire fence which was built angling across said road, and that he and the animal upon which he was mounted received wounds, bruises, etc., to plaintiff's damage ($6,100). That plaintiff was unacquainted with said obstruction, and did not see it or know of it till he rode into it; that defendant, without authority of law, erected said obstruction across said road.

Defendant pleaded general denial, and that plaintiff was guilty of contributory negligence, being intoxicated, and running his horse at the time he received the injury. Trial was had before eleven men, as one juryman was sick, and trial continued by consent and agreement of both parties, and verdict and judgment rendered against plaintiff. Plaintiff filed motion for new trial, which was overruled. Plaintiff appeals.

The judge below charged that if the fence was not erected across a public road, the defendant would not be responsible for injuries sustained by plaintiff.

OPINION.— Held, that if defendant had placed a proper fence there, one which was not dangerous and which could

be readily seen by men and animals in passing, such charge would have been correct, but in view of the fact that the fence consisted of two wires stretched on posts twenty feet apart, that it was not a legal fence, and therefore the charge was erroneous. There is no doubt that defendant had the right to fence his land outside of the limits of the public road as it had been laid out; but as he had formerly allowed people to pass there, it was his duty, when he withdrew the privilege, to do so in a way not to endanger other people. One must use his own property so as not to hurt or endanger others, at least when he has allowed them certain privileges on that property. See Wharton, sec. 349. Our law regards a fence composed entirely of posts and barbed wire as a dangerous fence. See Acts 1879, ch. 101, Appendix to R. S., p. 12.

We do not think the court erred in admitting evidence which tends to show that plaintiff and companions were drunk. But it should be remembered that intoxication does not deprive a party of the protection secured by the law to sober people. The plaintiff therefore forfeited no right by being drunk, if he were actually so, but his being drunk does not release him from the duty of being cautious and careful just as other people. Field on Dam., sec. 198.

REVERSED AND REMANDED.